IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELLIPSE COMMUNICATIONS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1922-O |
| | § | |
| KEITH CAVEN, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Ellipse Communications, Inc., a provider of internet services to owners and managers of multi-family housing complexes and owner of the registered trademark "Snaptshot," seeks a preliminary injunction to prevent Keith Caven and his company, Snapt, Inc., from using the terms "Snapt" and "Snaptshot" in marketing competing products and services to the multi-family housing industry. The motion has been fully briefed by the parties and is ripe for determination.

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). In order to obtain injunctive relief, plaintiff must prove, by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened harm outweighs any damage the injunction might cause to the opposing party; and (4) that the injunction will not disserve the public interest. *See Sierra Club v. City of San Antonio*, 112 F.3d 789, 793 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 879 (1998). If plaintiff fails to carry its burden on any one of the four elements, the court must deny the motion. *See Gonannies, Inc. v. Goupair.Com, Inc.,*

464 F.Supp.2d 603, 607 (N.D. Tex. 2006); *Sun Water Systems v. Vitasalus, Inc.*, No. 4-05-CV-574-Y, 2007 WL 628099 at *7 (N.D. Tex. Feb. 28, 2007).

Here, plaintiff has failed to establish a substantial threat of irreparable harm. At the outset, the court rejects plaintiff's argument that irreparable harm can be presumed in a trademark case merely by showing a likelihood of confusion. (*See* Plf. Mot. at 4-5; Plf. Reply at 8-9). Although many other circuits recognize such a presumption, the Fifth Circuit has not followed the majority rule. To the contrary, the Fifth Circuit has avoided expressly adopting a presumption of irreparable injury. *See Paulsson Geophysical Services, Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008), quoting *S. Monorail Co. v. Robbins & Myers, Inc.*, 666 F.2d 185, 188 (5th Cir. Unit B 1982); *see also White*, 862 F.2d at 1211 ("Without question, the irreparable harm element must be satisfied by independent proof, or no injunction may issue.").[1] Nevertheless, plaintiff argues that irreparable harm should be presumed in this case because it can no longer control its own reputation and good will, and is faced with the probability of lost trade and appropriation of good will, due to confusion surrounding defendants' use of the "Snaptshot" mark. (*See* Plf. Reply at 8). However, plaintiff has failed to offer any evidence of lost sales or appropriation of good will. Speculative injuries are not sufficient to demonstrate irreparable harm. *See Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). Nor has plaintiff shown that money damages would be inadequate compensation for any harm caused by defendants' allegedly infringing activities. *See DFW Metro Line Services v. Southwestern Bell Telephone Co.*, 901 F.2d 1267, 1269 (5th Cir.), *cert*

---

[1] The Eleventh Circuit recently questioned whether courts may presume irreparable harm in any type of intellectual property dispute after *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006). *See North American Medical Corp. v. Axion Worldwide, Inc.*, 522 F.3d 1211, 1227-28 (11th Cir. 2008). In *eBay*, the Supreme Court rejected a categorical rule that permanent injunctions should issue in a patent case once infringement is established. *eBay*, 126 S.Ct. at 1841. The Court held that while "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, . . . such discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards." *Id.*

*denied*, 111 S.Ct. 519 (1990) (lost goodwill of a business operated over a short period of time is usually compensable in money damages); *Gonannies*, 464 F.Supp.2d at 609 (denying preliminary injunction where plaintiffs failed to introduce evidence to demonstrate that any threat of irreparable injury could not be adequately compensated by monetary damages).

The court also notes that plaintiff waited more than seven months to seek a preliminary injunction after discovering that defendants had used the terms "Snapt" and "Snaptshot" to market their services. "Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." *Gonannies*, 464 F.Supp.2d at 609, *quoting Wireless Agents, L.L.C. v. T-Mobile USA, Inc.*, No. 3-05-CV-0094-D, 2006 WL 1540587 at *3 (N.D. Tex. Jun. 6, 2006); *see also Amicus Communications, L.P. v. Hewlett-Packard Co., Inc.*, No. SA-98-CA-1176-PMA, 1999 WL 495921 at *18-19 (W.D. Tex. Jun. 11, 1999). The evidence shows that Lisa Benson, President of Ellipse Communications, learned on March 23, 2007 that Web Rent Pro, Inc., a business owned by Keith Caven, was changing its name to Snapt, Inc. (Plf. Mot. App. at 39, ¶ 6). Negotiations between the parties aimed at avoiding litigation ceased by late April 2007. (Plf. Reply App. at 64, ¶ 13). Yet plaintiff waited until October 5, 2007 to file suit and seek a preliminary injunction. No explanation has been offered to justify or excuse this delay. On these facts, the court finds that there is no urgency for injunctive relief and, thus, no substantial threat of irreparable harm if an injunction is not granted. *See Gonannies*, 464 F.Supp.2d at 609 (no irreparable injury where plaintiff waited six months after discovering allegedly infringing use before seeking injunction); *Kensington Partners v. Cordillera Ranch, Ltd.*, No. SA-98-CA-121-DWS, 1998 WL 1782540 at *13 (W.D. Tex. Jun. 16, 1998) (same as to 10-month delay between cease-and-desist letter and filing of motion for injunctive relief).

## RECOMMENDATION

Plaintiff's motion for preliminary injunction [Doc. #8] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 17, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE