IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ELLIPSE COMMUNICATIONS, INC. §
§
        Plaintiffs, §
§
VS. § NO. 3-07-CV-1922-O
§
KEITH CAVEN, ET AL. §
§
        Defendants. §

## **MEMORANDUM ORDER**

Defendants have filed separate motions to extend the discovery deadline and for leave to supplement their answer by adding counterclaims for unfair competition, antitrust violations, conversion, copyright infringement, and harmful access by a computer. Plaintiff opposes both motions. The parties were given an opportunity to brief their respective positions in a joint status report, and the motions are ripe for determination.

This trademark infringement and unfair competition action was removed from state court to federal court on November 16, 2007. After 10 months of relative inactivity,[1] the case was referred to the magistrate judge for pretrial management. On September 24, 2008, the magistrate judge issued an initial scheduling order establishing a December 15, 2008 deadline for amending pleadings and an April 1, 2009 deadline for completing discovery. *See* Init. Sch. Order, 9/24/08 at 2, ¶¶ 2 & 4. The pleading deadline was modified by agreement to allow plaintiff to file an amended complaint on January 15, 2009. The deadline for taking depositions was recently extended by agreement to

---

[1] The only activity reflected on the docket during this 10-month period is briefing related to plaintiff's motion for preliminary injunction. That motion was denied by the magistrate judge in a recommendation issued on October 17, 2008. The district judge adopted that recommendation on February 26, 2009. *See Ellipse Communications, Inc. v. Caven*, No. 3-07-CV-1922-O, 2009 WL 497268 (N.D. Tex. Feb. 26, 2009).

April 13, 2009. Although the case is not yet set for trial, the scheduling order establishes a May 1, 2009 deadline for filing dispositive motions. On March 18, 2009--more than three months after the expiration of the pleading deadline and less than four weeks before the expiration of the revised discovery deadline--defendants filed the instant motions to extend both deadlines.

A motion for leave to amend filed after the expiration of the pleading deadline must be scrutinized under a two-part test. *S &W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 535-36 & n. 2 (5th Cir. 2003). First, the court must determine whether to modify the scheduling order. *Id.* at 536. Rule 16(b) provides, in pertinent part, that "[a] schedule may be modified only for good cause with the judge's consent." FED. R. CIV. P. 16(b)(4). The "good cause" standard focuses on the diligence of the party seeking a modification of the scheduling order. *See Adventure Plus Enterprises, Inc. v. Gold Suit, Inc.*, Nos. 3-06-CV-2032-BD & 3-07-CV-1315-BD, 2008 WL 4998762 at *1 (N.D. Tex. Nov. 21, 2008) (citing cases). Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish good cause. *Id.* Instead, the movant must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id., citing* 6A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2d ed. 1990). If the movant establishes good cause to modify the scheduling order, the court must decide whether to grant leave to amend under the more liberal standards of Rule 15(a).[2] *S&W Enterprises*, 315 F.3d at 536; *Adventure Plus*, 2008 WL 4998762 at *1. The same "good cause" standard governs motions to extend other pretrial deadlines, including the deadline for completing discovery. *See L & C Consultants v. Ash Petroleum*, No. 3-07-CV-1904-D, 2008 WL 3884366 at *1 (N.D. Tex. Aug. 12, 2008).

---

[2] Rule 15(a) provides, in pertinent part, that leave to amend a pleading should be freely given "when justice so requires." *See* FED. R. CIV. P. 15(a)(2).

In an attempt to demonstrate good cause, defendants allege that they did not confirm the ripening of their counterclaims and the need for additional discovery until March 2009, "when they confirmed that Plaintiff's representatives gained un-permitted access to Defendants' computer server through a process commonly called hacking in which Plaintiff's representatives accessed the software code and other metadata in Defendants' server and extracted that information through a process commonly called scraping to transfer this computer information back to Plaintiff's server." (Def. Mot. to Ext. Disc. at 2; Def. Mot. to Supp. Ans. at 2). It is not clear from the motions or the joint status report how defendants learned of this alleged "hacking" incident or whether they could have discovered the facts giving rise to their potential counterclaims sooner. Although defendants claim to have exercised "diligence," they admit that no depositions have been taken to date and that the parties have conducted only minimal fact discovery through written interrogatories and document requests. (*See* Def. Mot. to Ext. Disc. at 3). Not only are these conclusory assertions insufficient to establish good cause, but what little facts are revealed suggest that defendants have been anything but diligent. Defendants wholly fail to explain why no meaningful discovery has been conducted during the 16 months this case has been pending. Moreover, as plaintiff points out in its portion of the joint status report, the addition of new claims at this late date will reopen fact and expert discovery at a time when such discovery should be almost concluded. (*See* Jt. Stat. Rep. at 3).

For these reasons, defendants' motion to extend the discovery deadline [Doc. #39] and motion for leave to supplement their answer by adding counterclaims [Doc. #40] are denied.[3]

SO ORDERED.

---

[3] The court also denies defendants' request for an oral hearing on these motions. *See* N.D.Tex. LCiv R 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."); Standing Order, 9/16/08 at 4, ¶ 6 ("Most motions will be decided solely on the joint status report and any accompanying evidence.").

DATED: March 19, 2009.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE