IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELLIPSE COMMUNICATIONS, INC., | § | |
| | § | |
| Plaintiff, | § | NO. 3-07-CV-1922-O |
| | § | |
| vs. | § | |
| | § | |
| KEITH CAVEN, ET AL. | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Under authority of 28 U.S.C. § 636(b), this case was referred to Magistrate Judge Jeff Kaplan for pretrial management on September 15, 2008. Doc. # 17. Magistrate Judge Kaplan subsequently took under review the Motion for Partial Summary Judgment filed by Plaintiff on May 1, 2009, together with Plaintiff's Response, and attendant documents from both parties. *See* Doc. # # 42-45, 49-50, 55-60, 62.

On July 20, 2009, the Magistrate Judge issued his Findings and Recommendations set out in a written opinion. *See* Doc. # 63 (hereinafter, "Mag. J. FCR"). He recommended that summary judgment be granted in part and denied in part. *See id.* at 1. He recommended that it be denied on the issue of the validity and protectability of the contested mark, *id.* at 6, seniority (priority of use), *id.* at 7, and as to the affirmative defenses of abandonment and waiver. *Id.* at 8. Summary judgment was recommended as "to the affirmative defenses of estoppel, unclean hands, and violations of federal antitrust laws." *Id.* at 9.

1

The Court now has before it the foregoing documents and records of proceedings, as well as Plaintiff's Objections to Magistrate Judge Kaplan's Findings and Recommendations. *See* Doc. # 65. Defendants did not lodge objections.

**1. The Caven Affidavit and Seniority of Use**

Plaintiff takes issue with the Magistrate Judge's interpretation of an affidavit in evidence. *See* Doc. 56-5 ("The Caven Affidavit"). In the affidavit, Defendant Keith Caven states:

> In early 2006, I began discussing, promoting, marketing and pitching the "Snapt" Software to 10 Penn Center, a state-of-the-art office building in downtown Philadelpha, PA. After extensive discussion and negotiations, the "Snapt" Software was licensed to 10 Penn Center, and it remains in use.

Doc. 56-5, ¶ 14.

The statement is ambiguous, and the Magistrate Judge's interpretation of it is reasonable. Plaintiff's point obviously is that the inference of a 2006 sale, drawn from setting the discussions in "early 2006" followed immediately by an assertion of a consequent sale without an additional, specific date, leaves open the possibility the sale actually occurred in 2007, 2008, or 2009. That is a reasonable construction, although just as reasonably the Magistrate Judge applied common sense and the conventions of speech to infer that if the sale had not happened in the year named in the first sentence, this would have been noted in the second. The fact that reasonable minds might differ on its meaning recommends further examination of this case by a jury.

Plaintiff further objects to the Magistrate Judge's finding that the Caven Affidavit established questions of fact for trial on the issue of seniority of use based

2

on the *Lawrence* case. *See U.S. v. Lawrence,* 276 F.3d 193 (5th Cir. 2001). In *Lawrence,* a debtor sought to avoid summary judgment with his affidavit saying that his debt had been paid roughly twenty years earlier by another man. *Lawrence,* 276 F.3d at 197. The individual was named, but was deceased, and the affiant could point to no discoverable evidence confirming or refuting the existence of that distant transaction. *Id.* The Fifth Circuit found these "self-serving allegations" are not the type of "significant probative evidence" that defeats defeat summary judgment. *Id.*

Upon *de novo* review, the Court finds that the Magistrate Judge was correct in assessing the effect of the Caven Affidavit in this regard. Plaintiff's objection would have *Lawrence* read for only half the words of its dispositive ruling and with regard to none of its context. *See id.* Surely, any affidavit submitted by any party stating the facts (s)he believes supports that party's position will be "self-serving." *Lawrence* requires "significant probative evidence" to attend the affidavit. *Id.*

The Caven Affidavit describes detailed transactions within very recent times among institutions whose representatives would be readily available, together with records, for further discovery to prove or disprove Caven's assertions. The Caven Affidavit simply does not compare to the legless alibi submitted by the defendant in *Lawrence.*

### 3. The Characterization of Plaintiff's Mark

Plaintiff objects that the "Magistrate Judge erred if the Findings held Plaintiff's Mark was Descriptive."  Pl. Objs. at 6-8; *see* Mag. J. FCR at 4-6.  Plaintiff refers here, as did the Magistrate Judge, to the critically important and fact intensive

3

determination as to which of several categories a trademark falls into: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary or (5) fanciful. *See Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768 (1992); *see Abercrombie & Fitch Co. v. Hunting World, Inc.,* 537 F.2d 4, 10-11 (2nd Cir. 1976).

A mark is arbitrary or fanciful if it is so non-descriptive of the product or service itself that it does not require evidence of "secondary meaning." *Two Pesos,* 505 U.S. at 768. "Secondary meaning" is found with evidence that the mark has become known in commerce to the extent that its primary significance in the minds of the consuming public is not the product itself, but instead the identification of it with a single source. *Park 'n Fly v. Dollar Park & Fly,* 469 U.S. 189, 193-194 (U.S. 1985). The Supreme Court has offered examples: "word marks that are 'arbitrary' ("Camel" cigarettes), 'fanciful' ("Kodak" film), or 'suggestive' ("Tide" laundry detergent) are held to be inherently distinctive." *Wal-Mart Stores v. Samara Bros.,* 529 U.S. 205, 211 (U.S. 2000).

Secondary meaning evidence is required to establish that a descriptive mark has become protectable. A descriptive word mark may acquire distinctiveness "if it has developed secondary meaning, which occurs when, 'in the minds of the public, the primary significance of a [mark] is to identify the source of the product rather than the product itself.'" *Wal-Mart Stores, Inc.,* 529 U.S. at 211 (citing *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844, 851, n. 11, (1982)); *see also, Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768-771 (1992); *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.,* 469 U.S. 189, 194 (1985).

The Court does not find a final judicial determination whether Plaintiff's

Mark is descriptive in a close reading of the relevant passage. The Magistrate Judge notes that "[b]ecause the classification of a trademark is a question of fact, summary judgment is 'rarely appropriate'." Mag. J. FCR at 5 (citing *Xtreme Lashes, LLC v. Xtended Beauty, Inc.,* 576 F.3d 221, 232 (5th Cir. 2009)). He finds that Plaintiff had relied on the single argument that because "Snapt" is not found as a word in the English dictionary, it was distinctive as a matter of law. Mag. FCR at 5. The Magistrate Judge refuted this position with citation of authority. *Id.* at 5-6. He then noted further that no other argument establishing Snapt as "distinctive" was advanced, nor was there an alternative offer of "secondary meaning" evidence allowing him to assess the validity and protectability of the mark under the more stringent standards. *Id.* The Magistrate Judge thus found that Plaintiff had failed to establish that there was no genuine issue of material fact.  *Id.* ("The lack of any additional argument, much less evidence, on this issue precludes the court from determining 'beyond peradventure' that the "SnaptShot" mark is entitled to protection without proof of secondary meaning.")

The Magistrate Judge further found that because Plaintiff had not addressed the separate issue of infringement "a partial summary judgment on the issue of validity and protectability of the contested mark will not materially advance the disposition of this case on the merits." *Id.* (citing *Madden v. Wyeth,* No. 3-030CV-1067-BD, 2005 WL 2278081 at *1, no. 2 (N.D. Tex Sept. 14, 2005).

Upon *de novo* review, the Court agrees with the Magistrate Judge that sufficient evidence and argument was not presented on summary judgment to permit finding as a matter of law that Plaintiff's mark is suggestive, arbitrary or

5

fanciful. The Court adopts his findings. This is a matter left open for jury determination.

**CONCLUSION**

After conducting a review *de novo*, in accordance with 28 U.S.C. § 636(b)(1)(C), of the pleadings, files and records in this case, the Findings and Recommendations of the Magistrate Judge, and the objections thereto, the Court is of the opinion that the findings, conclusions and recommendations of the Magistrate Judge as set out in his opinion are correct. The Findings and Recommendations of the Magistrate Judge are thereby accepted as the findings and conclusions of the Court.

Summary judgment is **GRANTED** as to the affirmative defenses of estoppel, unclean hands, and violations of federal antitrust laws, and **DENIED** on all other issues.

SO **ORDERED** this 16th day of October, 2009.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**